acknowledged the title of neither in respect to the specific property in dispute; and that he claims no interest in the subject-matter himself.

2. INTERPLEADER, § 2*—when propriety of bill of may not be raised. Where defendants to a bill of interpleader interplead without objection and go to trial on the issue, it is too late to raise the objection that the case is not a proper one for a bill of interpleader.

3. INTERPLEADER, § 14*—when cross-bill does not lie. On a bill of interpleader as to certain warrants for payment of money out of a certain special assessment fund in complainant's possession, in which complainant and one of the defendants disclaimed as to such warrants, held that a cross-bill by such defendant as to other portions of such fund than relates to such warrants would not lie.

---

## G. S. Coppola, Appellee, v. Marden, Orth & Hastings Company, Appellant.

### Gen. No. 22,714. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment here. Opinion filed March 26, 1917.

### Statement of the Case.

Action by G. S. Coppola, plaintiff, against Marden, Orth & Hastings Company, a corporation, defendant, to recover for breach of a contract of sale to plaintiff by defendant of forty barrels of fifty gallons each of olive oil. From a judgment for plaintiff for $1,537.50, defendant appeals.

CULVER, ANDREWS, KING & COOK, for appellant.

DONALD L. MORRILL and WORTH ALLEN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 373*—*when evidence sufficient to show contract.* In an action for breach of an alleged contract of sale of olive oil, evidence *held* sufficient to warrant the finding that there was a contract between plaintiff and defendant for the sale by defendant to plaintiff of a certain quantity of olive oil at a certain price per gallon upon a sixty-day credit.

2. DAMAGES, § 376*—*what is measure of for refusal to deliver personal property on credit.* Where one who has agreed to deliver personal property under the terms of a contract for the sale of such property on credit refuses to deliver such property on credit but stands ready to make delivery upon the terms of the contract for cash, the measure of damages to the purchaser is the legal rate of interest upon the contract price of the property for the period of time for which credit was to be extended, in an action to recover damages for such breach of the contract by the seller.

3. DAMAGES, § 68*—*what is duty as to minimizing.* It is the duty of a party to a contract upon a breach thereof by the other party thereto to use every reasonable effort to minimize the damages accruing to him as the result of such breach.

4. DAMAGES, § 17*—*what is effect of embarrassed financial condition of party injured.* Money, like the staples of commerce, is, in legal contemplation, always in the market and procurable at the lawful rate of interest, and no party's condition, in respect to the measure of damages, should be worse for having failed in his engagement to a person whose affairs are embarrassed than if the same result had occurred with one in prosperous or affluent circumstances.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.